IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTI KAE KIEFER,<br>　　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,[1]<br>　　　　　Defendant. | )<br>)<br>) Civil Action No. 12-1273<br>)<br>) Judge Nora Barry Fischer/<br>) Magistrate Judge Maureen P. Kelly<br>)<br>) Re: ECF No. 9<br>) |

## REPORT AND RECOMMENDATION

**I.　　RECOMMENDATION**

Plaintiff Kristi Kae Kiefer ("Kiefer") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, 1381-1383f. Pending before the Court is a Motion to Dismiss ("the Motion") filed by the Commissioner pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 9. For the reasons that follow, it is respectfully recommended that the Motion be denied.

**II.　　REPORT**

　　**A.　　PROCEDURAL HISTORY**

Kiefer protectively filed an application for a period of disability and disability insurance benefits on March 24, 2009, which was denied by the Commissioner at the initial review level. ECF No. 10-1, p. 8. Kiefer filed a timely request for an administrative hearing, and on October

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is properly substituted for Michael J. Astrue as the Defendant in this suit.

15, 2010, a hearing was held before Administrative Law Judge John J. Porter (the "ALJ"). Id. In a decision dated January 27, 2011, the ALJ determined that Kiefer was not "disabled" within the meaning of the Act. Id. at pp. 3, 5-18. Kiefer subsequently filed a timely request for review with the Appeals Council. The Appeals Council denied the request for review on June 27, 2011, thereby making the ALJ's decision the final decision of the Commissioner in this case. Id. at pp. 3, 22-24.

The Appeals Council mailed its denial notice to Kiefer at 312 Fifth Street, Butler, PA 16001. Id. at p. 3. Kiefer was informed in the notice of her right to commence a civil action within sixty days from the date she received the notice and that the Appeals Council would presume that she received a copy of the notice within five days of the date of the notice. Id. at p. 23. Accordingly, Kiefer needed to commence a civil action within sixty-five days from the date of the decision of the Appeals Council or by August 31, 2012. Kiefer was also informed that she could request an extension of time within which to initiate a civil action from the Appeals Council. Id.

On September 4, 2012, after the time for commencing a civil suit had expired, Plaintiff initiated this action by filing a Motion for Leave to Proceed in Forma Pauperis. ECF No. 1; ECF No. 10-1, p. 4. No extension of time appears to have been requested by Kiefer or granted by the Appeals Council. See ECF No. 10-1, pp. 3-4; ECF No. 12-1, pp. 1-3.

On April 15, 2013, the Commissioner filed the instant Motion in which she contends that this action was barred by the sixty-day statute of limitations applicable to civil actions commenced under the Act.[2] See ECF No. 9; 42 U.S.C. § 405(g). Kiefer responded to the Motion on May 15, 2013. ECF No. 12. Accordingly, the Motion is now ripe for review.

---

[2] Although Federal Rule of Civil Procedure 8(c)(1) classifies a statute-of-limitations defense as an affirmative defense that must be raised in an answer, the United States Court of Appeals for the Third Circuit permits a

2

B.     **DISCUSSION**

Section 405(g) of the Act provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Commissioner has implemented this statutory language by promulgating 20 C.F.R. § 422.210. The portions of § 422.210 relevant to this case provide as follows:

> **§ 422.210  Judicial Review**
>
> (a) *General*. A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner.
>
> \*     \*     \*
>
> (c) *Time for instituting civil action*. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(a), (c).

As argued by the Commissioner, under this framework, combining the sixty-day limitations period with the five days allowed for Kiefer to receive notice of the Appeals Council's decision denying her request for review, August 31, 2012, was the last day on which

---

defendant to raise the defense by motion under certain circumstances. FED. R. CIV. P. 8(c)(1); Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002).

Kiefer could have timely commenced this action. Thus, the Commissioner argues that this action should be dismissed on the ground that it was not commenced in a timely manner.

Kiefer does not dispute that the instant action was not timely filed but contends that the circumstances precipitating the late filing justify equitable tolling of the sixty-day filing requirement.

In Bowen v. City of New York, 476 U.S. 467, 478 (1986), the Supreme Court held that the sixty-day limitations period established by § 405(g) did not affect a federal court's subject-matter jurisdiction to entertain an action brought under the Act. Speaking through Justice Powell, the Supreme Court declared that § 405(g)'s sixty-day statute of limitations, like most statutes of limitations, was subject to equitable tolling. Bowen, 476 U.S. at 479-480.

Although the statutory authority to enlarge the limitations period lies solely with the Commissioner upon a showing of good cause, see 20 C.F.R. § 422.210(c), there are cases in which "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" Bowen, *quoting* Mathews v. Eldridge, 424 U.S. 319, 330 (1976). Where, as here, the plaintiff has missed the deadline for filing, there are three principal bases for applying the doctrine of equitable tolling: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Kramer v. Commissioner of Social Sec., 461 F. App'x 167, 169 (3d Cir. 2012), *quoting* Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). The Plaintiff, who bears the burden of establishing equitable tolling, must also show that she "exercised due diligence in pursuing her

4

claim." Natalizzo v. Astrue, 2012 WL 4846657, at *4 (D.N.J. Oct. 10, 2012), *quoting* Santos ex rel. Beato v. U.S., 559 F.3d 189, 197 (3d Cir. 2009).

Kiefer has not argued that she was misled by the Commissioner relative to her filing a cause of action or that she timely asserted her right in the wrong forum. It therefore appears that Kiefer is asking the Court to toll the limitations period under the second theory, *i.e.*, that she in some extraordinary way was prevented from asserting her rights.

To that end, Kiefer has submitted an affidavit in which she states that at the time the ALJ issued his decision there was some confusion over her proper address. ECF No. 12-2, pp. 1-2, ¶ 7. Kiefer contends that Fourth and Fifth Street in Butler, Pennsylvania, converge near her then-residence and that while she initially believed her address was 312 Fifth Street she later learned that the houses on her side of the street were on Fourth Street and that her address was actually 312 Fourth Street. Id. Kiefer has attested to the fact that her mail carrier delivered her mail to her regardless of whether it was address to 312 Fourth Street or 312 Fifth Street, and that she therefore received the ALJ's decision denying her application for benefits and was able to file a timely appeal to the Appeals Council. Id.

On or about May 13, 2012, however, before the Appeals Council issued its decision, Kiefer states that she moved to 307 North Elm Street, Butler, Pennsylvania 16001. Id. at p. 2, ¶ 9. Although she completed a change of address form with the United States Postal Service ("USPS"), the form notified the USPS only to forward her mail from her proper address, 312 Fourth Street, to her at the Elm Street address. Id. Because the Appeals Council mailed its decision to Kiefer at the 312 Fifth Street address, Kiefer suggests that it was not forwarded to her new address; she nevertheless has attested to the fact that, to the best of her recollection, she never received the Appeals Council's decision. Id. at p. 2, ¶ 10.

5

The first time Kiefer became aware that the Appeals Council had issued its decision was when she received a letter from her attorney on Saturday, September 1, 2012 -- one day after the appeal deadline. Id. at pp. 2-3, ¶ 11. Although the letter from counsel was dated August 28, 2012, it had been sent to the 312 Fourth Street address and then forwarded to Kiefer at her Elm Street address.[3] Id. See ECF No. 12-1, p. 4. In the letter, counsel informed Kiefer that the Appeals Counsel had rendered an unfavorable decision on June 27, 2012, and that counsel need to speak with Kiefer no later than 2:30 p.m. on August 31, 2012, in order to file a timely appeal. Id. Counsel also advised Kiefer that she had tried to reach Kiefer by telephone but that the numbers she had were no longer in service and that if she did not hear from Kiefer by August 31, 2012, counsel would presume that Kiefer did not want to file an appeal. Id. Following receipt of her attorney's letter, Kiefer contacted her attorney on the next business day which, because of the Labor Day holiday on Monday September 3, 2012, was Tuesday, September 4, 2012. ECF No. 12-1, p. 3, ¶¶ 12, 13. The instant action was filed on that same date.

In the undersigned's view, this unusual convergence of events prevented Kiefer from asserting her rights in a timely fashion. Kiefer provided her attorney and the USPS with her new address when she moved in May of 2013, thereby taking the necessary steps to ensure that she would receive the Appeals Council's decision when it was rendered. The fact that the change of address form did not take into account the address on file with the Social Security Commission, which was presumably recorded when Kiefer filed her application seeking benefits on March 24, 2009, almost four years earlier, does not negate that Plaintiff made a good faith effort to receive her mail, including the Appeals Council's decision. It therefore appears that, because of

---

[3] For counsel's part, she states that although she was informed of her client's change of address, "proper notation of that change of address was not made by counsel's office." ECF No. 12, p. 4.

circumstances beyond her control, Kiefer did not become aware that the notice had been sent or that the Appeals Council denied her request for review until September 1, 2012.

Although counsel had an obligation to preserve her client's right to file a civil action, it cannot be said that counsel failed to act in good faith or exercise due diligence in that regard. While the better practice would have been to initiate contact with Kiefer upon receipt of the Appeals Council's decision, which the Court can presume was on July 2, 2012, at the very latest, counsel arguably made an attempt to do so in a timely fashion. The letter counsel sent to Kiefer indicates that she made attempts to telephone her sometime prior to August 28, 2012, or at least four days prior to the sixty-five day deadline. When that proved unfruitful, counsel sent a letter to Kiefer, which counsel could assume Kiefer would receive in a day or two, which would still have been within the limitations period. The fact that counsel did not properly record Kiefer's change of address merely compounded the otherwise unfortunate string of events. Under these circumstances, it would appear wholly inequitable if Kiefer had to suffer the consequences of her attorney's failure to note her change of address when counsel and Kiefer otherwise showed due diligence. This is particularly true here, where the instant action was filed late by only one business day and the purpose behind the sixty-day limitations period has not been undermined and the Commissioner has not been prejudiced. See Bowen, 476 U.S. at 481.

### D. CONCLUSION

For the foregoing reasons, is respectfully recommended that the Motion to Dismiss submitted on behalf of the Commissioner, ECF No. 9, be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure

to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

          Respectfully submitted,

          /s/ Maureen P. Kelly
          MAUREEN P. KELLY
          UNITED STATES MAGISTRATE JUDGE

Dated: July 8, 2013

cc:    The Honorable Nora Barry Fischer
       United States District Judge

       All counsel of record by Notice of Electronic Filing